THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN GARCÍA GARCÍA, Defendant and Appellant.

No. CR-69-47.     Decided March 16, 1970.

*José Rafael Gelpí* and *Sergio A. Peña Clos* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed informations against appellant Juan García García charging him with the offenses of Murder in the First Degree and Violation of §§ 6 and 8 of the Weapons Law, by reason of having killed the human being Pedro Abraham Solivan by firing several revolver shots at him.

On December 7, 1965, the cases were called for trial. While the jury was being drawn and before the latter was finally sworn (Rule 125 of the Rules of Criminal Procedure) the prosecuting attorney requested leave of court to amend

the information of murder for the purpose of including an allegation in relation to defendant's former conviction of an offense of Assault to Commit Murder.

With the objection of the defense the court allowed the amendment and granted five days to the prosecuting attorney to file the amended information, excused the jury, and ordered the setting of the date for the reading of the amended information.[1]

After the subsequent proceedings as a result thereof the three cases were heard jointly, that of Murder and that of violation of § 8 of the Weapons Law before the jury, and that of violation of § 6 of said Weapons Law by the court.

The jury found defendant guilty of Murder in the Second Degree[2] and guilty of the violation of § 8 of the Weapons Law. The court also found him guilty of the violation of § 6 of the Weapons Law.[3]

---

[1] According to the minutes of that day, the court stated:

"The counsel for the defense objects to the petition of the prosecuting attorney and after duly discussing the question, the court grants the petition of the prosecuting attorney and allows the presentation of the amendment to the information requested and grants five days to the prosecuting attorney therefor, and discharges the gentlemen of the jury who were being examined to sit in the case."

[2] Defendant had already admitted the previous conviction.

[3] The evidence for the prosecution tended to show, in synthesis, that about two o'clock in the afternoon of May 28, 1965, public carrier Pedro Abraham Solivan parked his automobile by the side of the Plaza in Caguas to wait for his turn. While he was sitting in the front seat behind the steering wheel of his automobile, Norberto Polo Martínez passed by and Abraham Solivan called him. Martínez entered the vehicle and sat on the front seat. While they talked, defendant approached Abraham Solivan's vehicle, on the right side, and without interchange of words, defendant fired several revolver shots at Abraham Solivan, as a result of which the latter died. His body showed six bullet orifices of entrance and two bullet orifices of exit. The revolver used by defendant was seized a short time later by the police under a pickup which was parked on Baldorioty Street in front of Sylvania furniture store. Said revolver was admitted in evidence without objection.

The theory of the defense was self-defense. Its evidence tended to show that on the very day of the occurrence Abraham Solivan tried to swerve his automobile towards defendant; that sometime before the deceased had

Defendant appealed from the judgments rendered against him and in his brief he assigns the commission of four errors; the first of which is set forth as follows:

"First Error: The Superior Court erred in passing on the case of murder as well as on the case of violation of § 8 of the Weapons Law under certain informations which had not been ordered, after the dismissal of the original informations."

In support of this contention appellant cites our decision in the case of *Garcia* v. *District Court*, 68 P.R.R. 20 (1948), where we said, ratifying *People* v. *González*, 39 P.R.R. 343 (1929), that leave to file a new information is not an order to do so, and that the judge should have followed the language of the statute and ordered the information to be filed, and in failing to do so, he committed error in overruling the motion to dismiss the informations on that ground.

This case law cannot be invoked as the basis for a decision favoring the contention raised by appellant. In said cases §§ 157 and 158 of the Code of Criminal Procedure included in Chapter III of said Code entitled "Demurrer" were construed. According to § 157, if the court allowed a demurrer to the information, "the judgment is final upon the information demurred to, and is a bar to another prosecution for the same offense, unless the court, being (is) of the opinion that the

threatened to kill defendant; that Abraham Solivan flirted with defendant's wife and that on one occasion Abraham Solivan violently tried to force defendant's daughter to enter his automobile; that on the day of the occurrence defendant was in Cayey at a public carriers' meeting and returned to Caguas in the vehicle of his comrades; that Abraham Solivan persecuted them, that he swerved his vehicle towards them on two occasions; first when they were on the way back and then when they alighted from the car; that when they arrived at Caguas, they alighted from the station wagon where they were traveling, and when defendant was going towards the place where Abraham Solivan was, the latter made a move, took out a revolver and the shots were heard; that the owner of the station wagon took defendant to the police headquarters to deliver him to the police because he had killed *"Pitirre"* (Abraham Solivan) according to the people's gossip.

objection on which the demurrer is allowed may be avoided in a new information, and directs a new information to be filed; . . ." Pursuant to § 158 if "the court does not permit the information to be amended, nor direct that an information be filed, the defendant, if in custody, must be discharged, . . ."

■ Rule 62 of the Rules of Criminal Procedure abolished the demurrer and substituted it with the motion to dismiss and Rule 64 specifies the grounds on which said motion may be based.

■ In the instant case the original informations were not dismissed by virtue of having filed against them the ancient demurrer or a motion to dismiss. The prosecuting attorney requested leave to amend the information for the purpose of adding the allegation of subsequent offense which had been omitted. Rule 38 (b) of the Rules of Criminal Procedure authorizes the court to allow, at any time before the conviction or acquittal of defendant, the necessary amendments to cure any substantial defect or omission in the information.[4] Considering that the allegation of former conviction was one of substantial nature,[5] the court ordered a new arraignment.

The order of the court referred to in *Garcia* v. *District Court, supra,* was not necessary. It sufficed that the court allow, as it did in this case, the amendments to the informations.

---

[4] Rule 38 (b) provides:

"(b) *Removal of defect of substance.* If the information, or complaint has a substantial defect or omission, 'the court wherein the proceeding was originated may permit the necessary amendments to cure said defect or omission at any time before the verdict of guilty or not guilty. If the defect is in the information, the defendant shall have a right to a new arraignment. If the defect is in the complaint, the defendant shall be entitled to have the trial five days after the amendment is made.

[5] Felonies in subsequent offenses entail heavier penalties. Only for such purposes is the allegation of former conviction made in the information. *González* v. *Rivera, Warden,* 71 P.R.R. 735 (1950) ; *Sánchez* v. *Angelí,* 80 P.R.R. 154 (1957) ; *People* v. *Cabán Rosa,* 92 P.R.R. 844 (1965).

In his second assignment appellant maintains that the trial court committed error in failing to order the discharge of the jury for the prosecuting attorney having asserted, rather than asked defendant's wife, that the latter had been accused of mayhem and convicted of aggravated assault and battery.

It is true that while the prosecuting attorney cross-examined defendant's wife, witness for the defense, in asking her a question the former asserted that in the year 1965 defendant had been charged with an offense of mayhem having been found guilty of the lesser offense of aggravated assault and battery.

■ Assuming that the prosecuting attorney erred in presenting to the jury a fact on which there was no evidence, there appears from the record that, subsequently, the prosecuting attorney offered, and it was admitted in evidence, a certified copy of the judgment rendered against defendant in the case of mayhem, to which the prosecuting attorney had referred when he cross-examined the former's wife. If the error was committed, it was cured and it cannot be maintained that appellant's substantial rights were prejudiced.

The third error assigned is that the court permitted passing to the jury sworn statements and certifications of judgments rendered against appellant.

The documents specifically indicated are the partial transcript of the testimony offered by defendant's wife in another prosecution against appellant held in the year 1965, a judgment, and a complaint.

■ The jury did not take with it any confession or testimony of defendant containing incriminatory admissions. See *People* v. *Vega Román*, 92 P.R.R. 658 (1965), invoked by appellant. Rule 140 of the Rules of Criminal Procedure forbids that the jury, upon retiring for deliberation, take with

them the depositions.[6] Assuming that the partial transcript of the testimony of defendant's wife given before in another prosecution should fall under the prohibition of Rule 140, and should it constitute error, the same would not give rise to the reversal of the judgments appealed from.

In the prosecuting attorney's cross-examination, said witness had testified that that was the first time she came to court and that she did not know of other cases in which her husband might have been involved. The transcript was presented to show that she had appeared in court before and that she had been a witness in another case prosecuted against her husband. The transcript, which was admitted in evidence and which passed to the jury, is brief. The witness merely testified that she knew defendant, who is her husband now, that she knew Catalina López, who is her sister and Rogelio Alvino's wife, who were separated at that time; that on July 22, 1964 she saw her sister and that they lived together in the same house in ward Beatriz in Cayey. That is all the content of said transcript. Therefore, we consider that the fact that the jury did take with them said transcript, upon retiring for deliberation, did not prejudice defendant-appellant's substantial rights.

The fourth and last error assigns that the court admitted evidence of the former conviction alleged in the informations, despite the fact that defendant had accepted it previously, and invokes the cases of *People* v. *Aponte*, 83 P.R.R. 491 (1961) and *People* v. *Hernández Pérez*, 94 P.R.R. 588 (1967).

■ Pursuant to the provisions of Rule 68 of the Rules of Criminal Procedure and to our decisions, when defendant admits at the proper time the allegation of former conviction, the latter shall not be informed to the jury in any manner whatsoever. We have said that defendant may be tried only

---

[6] "Rule 140. Jury; Deliberation; Use of Evidence

"Upon retiring for deliberation, the jury may take with them all papers or objects that have been received as evidence, except the depositions."

for the offense charged and that evidence of other offenses committed by him is not admissible except when the former offense is one within the exceptions established in our case law.

In this case, while the prosecuting attorney presented evidence on the former conviction alleged in the informations which was admitted and passed to the jury, evidence of other offenses previously committed by defendant was also admitted.[7] From said evidence there appear a conviction of assault to commit homicide and several convictions of the offenses of aggravated assault and battery and assault and battery. All this evidence was admitted under the doctrine in *People* v. *Cruz*, 65 P.R.R. 160 (1945), to the effect that defendant may present evidence of specific acts of violence committed by the victim when the former has alleged self-defense and there is conflict as to (1) which of the two, defendant or the victim, was the aggressor and (2) where the defendant seeks to prove that he had reasons to believe, upon being attacked by the victim, that he was confronting a dangerous enemy; but where defendant seeks to prove blood-shedding offenses committed by the victim, the People may present evidence to prove defendant's convictions for the same offense.

In view of the attendant circumstances, the fact that evidence on the former conviction alleged in the informations passed to the jury did not prejudice defendant's substantial rights nor does said fact justify the reversal of the judgments appealed from.

Said judgments will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein.

---

[7] The criminal record of the victim as well as that of defendant were admitted in evidence.